IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELVIN ANDREW ROACH, JR.,** | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 24-CV-00059** |
| | : | |
| **JPMORGAN CHASE BANK, N.A.,** | : | |
| *Defendant*. | : | |

<u>MEMORANDUM</u>

**KENNEY, J.**                                                                                                   **FEBRUARY 1, 2024**

Currently before the Court is the pro se Complaint of Plaintiff Melvin Andrew Roach, Jr., alleging a state law claim of conversion. For the following reasons, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction. Plaintiff may refile this Complaint in an appropriate state court if he chooses to do so.

**I.      FACTUAL ALLEGATIONS AND LITIGATION HISTORY**[1]

On December 18, 2023, Roach commenced a civil action in this Court against JPMorgan Chase Bank, N.A. ("JPMorgan") alleging a claim of unlawful conversion. *See Roach v. JPMorgan Chase Bank, N.A.*, Civil Action No. 23-5011 (E.D. Pa.). In that case, Roach claimed that he received two payments totaling $3,750 on November 25, 2023 via QuickAccept payment links. (*See* Civ. A. No. 23-5011, ECF No. 2 at 2.) The first was a $250 payment from a customer of his business, and the second was a $3,500 payment from a credit card belonging to Roach. (*Id.*) Roach alleged that JPMorgan improperly placed a hold on the two payments and ceased QuickAccept

---

[1] The following facts are taken from Roach's Complaint and the publicly available dockets for the prior civil action filed by Roach, of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (explaining that courts may consider "matters of public record" in evaluating whether to dismiss a complaint); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

payment processing for Roach's account without providing sufficient justification or obtaining his consent to do so. (*Id.*)  According to Roach, the "cessation of QuickAccept payment processing and the withholding of funds" by JPMorgan materially affected his "standing in commerce and ability to conduct business." (*Id.*)  Citing to various provisions of Pennsylvania law, Roach asserted that JPMorgan's actions constituted conversion. (*Id.* at 3.)  As relief, he sought a release of the funds by JPMorgan, compensatory damages "in an amount to be determined at trial," as well as $30,000 in punitive damages. (*Id.*)

By Orders dated December 20, 2023, the Court denied Roach's application to proceed *in forma pauperis* for failure to provide sufficient financial information and dismissed his case without prejudice for lack of subject matter jurisdiction. (*See* Civ. A. No. 23-5011, ECF Nos. 4, 5.)  Roach did not allege the citizenship of the parties in his Complaint. (*See* Civ. A. No. 23-5011, ECF No. 2.)  Instead, he listed a Pennsylvania mailing address for himself and provided no address for Defendant JPMorgan. (*See id.*)  The Court found that even if the parties were citizens of different states, Roach's claim for conversion involved less than $75,000. (*See* Civ. A. No. 23-5011, ECF No. 5.)

On January 6, 2024, Roach commenced a new civil action by filing the Complaint that is presently before the Court for review. (*See* ECF No. 1.)  The Complaint in the case at bar is virtually identical to the Complaint that was filed in Civil Action No. 23-5011 and dismissed.  The only material difference between the two Complaints is that Roach now lists a Louisiana address at which he alleges that JPMorgan can be served. (*Id.* at 2.)  Roach once again claims he received two payments totaling $3,750 on November 25, 2023 via QuickAccept payment links – a $250 payment from a customer of his business and a $3,500 payment from a credit card belonging to Roach. (*Id.*)  He contends that JPMorgan improperly placed a hold on the two payments and

2

ceased QuickAccept payment processing for Roach's account without providing sufficient justification or obtaining his consent. (*Id.*) As alleged, the "cessation of QuickAccept payment processing and the withholding of funds" by JPMorgan materially affected Roach's "standing in commerce and ability to conduct business." (*Id.*) Citing to various provisions of Pennsylvania law, Roach again asserts that JPMorgan's actions constitute conversion. (*Id.* at 3.) As relief, he again seeks release of the funds by JPMorgan, compensatory damages "in an amount to be determined at trial," as well as $30,000 in punitive damages. (*Id.*)

## II.   STANDARD OF REVIEW

The Court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Indeed, a Court may consider its subject matter jurisdiction *sua sponte*. *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). While a plaintiff need only provide "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), a plaintiff still bears the burden of establishing federal jurisdiction, *see Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). However, a pro se plaintiff's pleading is subject to "liberal construction." *Kim v. I.R.S.*, 522 F. App'x 157, 158 (3d Cir. 2013).

## III.   DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Degennaro v. Grabelle*, No. 21-1536, 2021 WL 5445809, at *1 (3d Cir. Nov. 22, 2021) (explaining that because federal jurisdiction is limited, "most cases belong in state court"). A federal court has subject matter jurisdiction over cases (1) that are based

3

on a question of federal law ("federal question jurisdiction"), *see* 28 U.S.C. § 1331, or (2) in which the plaintiffs and defendants are citizens of different states and the amount in controversy is at least $75,000, exclusive of interest and costs ("diversity jurisdiction"), *see* 28 U.S.C. § 1332(a)(1).

Here, the Court cannot discern any basis for a claim based on federal question jurisdiction. In support of his assertion of jurisdiction, Roach listed "Title 18, Section 3927." (*See* ECF No. 1 at 2.) The Court understands this citation to refer to 18 Pa. C.S. § 3927 (theft by failure to make required disposition of funds received), which is a Pennsylvania statute—not a federal statute. Therefore, even under a liberal construction of the Complaint, there is no basis for federal question jurisdiction.

Instead, Roach's Complaint is best understood as raising a state law claim for conversion against JPMorgan and attempting to claim diversity jurisdiction. (*See* ECF No. 1 at 2-3.) For diversity jurisdiction to apply, there must be "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-07 (2006) (citing 28 U.S.C. § 1348). Here, in support of showing complete diversity between the parties, Roach lists a Pennsylvania mailing address for himself and merely provides a Louisiana address for service upon JPMorgan; he does not plead the location of

4

JPMorgan's main office. (*See* ECF No. 1 at 1-2.) However, taking into consideration Roach's pro se status and given that the Court may consider matters of public record in determining whether to dismiss a complaint, *see Buck*, 452 F.3d at 260, the Court has determined JPMorgan's citizenship to be in Ohio. JPMorgan's Articles of Association are a matter of public record, and as set forth in its Articles of Association, JPMorgan's main office is in Ohio.[2] Accordingly, the Court finds that the complete diversity requirement has been met.

However, Roach's claim for damages fails to satisfy the amount in controversy requirement for diversity jurisdiction. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Punitive damages "must be considered in determining the amount in controversy." *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 685 F. App'x 161, 165 (3d Cir. 2017) (*per curiam*) (citations omitted).[3] However, "[e]stimations of the amounts recoverable must be realistic, and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts." *Dolin v. Asian Am. Accessories, Inc.*, 449 F. App'x 216, 219 (3d Cir. 2011) (internal quotations and

---

[2] JPMorgan Chase Bank, N.A., Ex. 1 to Form T-1 (Articles of Association) (Sept. 10, 2004), https://www.sec.gov/Archives/edgar/data/1062336/000119312504207055/dex991.htm.

[3] The United States Supreme Court also has held that punitive damages awards must be "reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003). "[I]n practice, few awards exceeding a single-digit ratio between punitive and compensatory damages . . . will satisfy due process." *Id.* at 425; *see, e.g.*, *CGB Occupational Therapy, Inc. v. RHA Health Servs., Inc.*, 499 F.3d 184, 192-93 (3d Cir. 2007) (determining that a ratio of over 18 to 1 was unconstitutional where there were no "special circumstances" to justify it).

citations omitted). Here, Roach claims that JPMorgan has improperly withheld $3,750 of his funds. Even if the compensatory damages request and the $30,000 Roach seeks in punitive damages are considered, Roach's alleged loss would be far less than the $75,000 threshold required to establish diversity jurisdiction.

Although the Court will dismiss Roach's Complaint without prejudice, it only does so to allow Roach to file his claims in an appropriate state court. Leave to amend will not be given, as amendment in this Court would be futile because Roach cannot cure the defects in his claims. *See Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 841 (3d Cir. 2014) (explaining that "[l]eave to amend may be denied for futility . . . where a federal court would lack subject matter jurisdiction over the amended complaint"). Roach has no basis to claim damages at or above the $75,000 threshold required to establish the amount in controversy requirement for diversity jurisdiction and has not pled any basis for federal question jurisdiction. Moreover, Roach has already attempted to effectively amend his complaint through the instant action and has failed to provide any basis for subject matter jurisdiction. Accordingly, "[t]he Court concludes that further attempts at amendment would be futile." *See Duglas v. Schulz*, No. 19-CV-4107, 2019 WL 5632877, at *1 (E.D. Pa. Oct. 31, 2019) (dismissing complaint without prejudice where the plaintiff "has already been permitted an opportunity to amend her complaint to cure the jurisdictional defect the Court identified and . . . failed to do so" and finding that any further amendment would be futile).

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Roach's Complaint for lack of subject matter jurisdiction without prejudice to him refiling his claim in an appropriate state court if he chooses to do so.[4] An Order that dismisses this case will follow.

---

[4] The Court expresses no opinion on the merits of any such claims.

BY THE COURT:

/s/ Chad F. Kenney

_____
**CHAD F. KENNEY, JUDGE**